McLAUGHLIN et al. v. BIEBER et al.

(Supreme Court, Trial Term, New York County. March 7, 1899.)

PARTNERSHIP—LIABILITY OF RETIRING PARTNER.
    Where the continuing partners assumed and agreed to pay the firm
    debts, the acceptance by a creditor of the notes of the new firm for the
    debt of the old firm, with knowledge of the facts, is an extension of the
    time of payment which discharges the retiring partner.

Action by John McLaughlin and others against Leopold Bieber and
others. Judgment for defendant Leopold Bieber.

Rounds & Dillingham, for plaintiffs.
Louis B. Kinstler, for defendant Leopold Bieber.

McADAM, J. The plaintiffs sold goods to the firm of L. Bieber,
Son & Co., composed of the three defendants, up to December 23,
1897, on which a balance of $611.25 was due. Thereafter, and on
January 3, 1898, the firm dissolved; Leopold Bieber going out, and the
other two remaining in. The plaintiffs were notified of the dissolu-
tion, and of the fact that Joseph Bieber and Jacob Greenwald would
continue to carry on the business of the late firm under the new
name of L. Bieber's Son & Co., and that they would liquidate all the
obligations of the old firm. This dissolution, by operation of law,
made Joseph Bieber and Jacob Greenwald principal obligors, and
Leopold Bieber, the retiring partner, surety for them. Colgrove v.
Tallman, 67 N. Y. 95; Reed v. Ashe, 18 App. Div. 501, 46 N. Y. Supp.

126. On February 10 and 15, 1898, the plaintiffs accepted from the members of the new firm their obligations in the form of promissory notes payable at a future day for the debt in suit, thereby extending the time of payment without consent of the surety, and in that manner effectually discharging him from all responsibility. See cases before cited. Probably the plaintiffs did not intend to do this, but such is the legal effect of their act. The notice of dissolution served upon the plaintiffs was enough to put them upon inquiry, and charge them with knowledge of all the facts. Munger v. Bank, 85 N. Y., at page 591.

Under the circumstances, there must be judgment in favor of Leopold Bieber, the only person who defends the action. Sixty days to make a case, and 60 days' stay of execution after service of notice of entry of judgment.